ELLA C. PARSONS *vs.* WILLIAM LOVIE TILLEY. *et al.*

NEWPORT—JUNE 21, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

One who is simply authorized to take the plaintiff's goods from a specified place and ship them to her, is without authority to make a demand therefor upon a third person, or to make any admission as to their ownership that would be binding upon her.

Testimony relative to such demand by him is inadmissible, as is also a letter written by him relative to the plaintiff's claim to the property in question.

TRESPASS *de bonis asportatis*. Heard on defendant's petition for a new trial.

TILLINGHAST, J. This is an action of trespass, and is brought to recover damages for the taking and carrying away of certain household goods and other personal property alleged to belong to the plaintiff.

The defendant Tilley, who was a deputy sheriff in Newport, attached the property in question, under the direction of the defendant Cottrell, in an action brought by said Cottrell against Joseph F. Parsons, the plaintiff's husband, and subsequently caused most of said property to be sold at auction ; and thereafterwards the plaintiff, who claimed that the prop-

erty belonged to her, brought this action.    The trial resulted
in a verdict for the plaintiff for $600, and the defendants
now petition for a new trial on the grounds :    (1) That the
court erred in certain rulings hereinafter specified ; and (2)
That the damages assessed by the jury are excessive.

At the trial of the case, the plaintiff having testified as to
her ownership of the property in question, and also that she
sent her brother-in-law, Mr. A. D. Parsons, from Boston to
Newport to get the property for her, defendants' counsel
asked the defendant Cottrell what articles said A. D. Parsons
demanded of him.    This question was ruled to be inadmis-
sible by the court, on the ground that it had not been shown
that the plaintiff authorized him to make demand for the
goods but that she simply sent him to get the goods from a
certain room in a building in Newport, where they were
stored, of which room her attorney, Mr. Sheffield, held the
key, to which ruling the defendant duly excepted.    We think
the ruling was correct.    It was not within the scope of Par-
sons' authority to make any demand upon the defendants for
said goods or to make any admissions as to the ownership
thereof, which would be binding upon her.    He was simply
authorized to take the goods from the place where they had
been stored by plaintiff and ship them to her.

The defendant also offered in evidence, on the strength of
plaintiff's testimony as to sending her brother-in-law to New-
port for the goods in question, a letter from him to the de-
fendant Cottrell, dated September 13, 1896, for the purpose
of showing that the plaintiff did not at that time make any
claim to the property in question.    The court ruled that the
letter was inadmissible, and the defendant excepted.    An ex-
amination of the letter shows that said A. D. Parsons was
acting for his brother, the plaintiff's husband, and was at-
tempting to obtain the clothing of the latter from the defend-
ant's possession ; and no evidence was offered at the trial to
connect the plaintiff, Mrs. Parsons, in any way with the send-
ing of the letter, or even with knowledge that it had been
sent.    It was therefore clearly inadmissible.

The exceptions are overruled.

The defendants' counsel makes no point in his brief that the damages are excessive. But, even assuming that he intends to rely upon this as a ground for new trial, we are not satisfied that the damages are so clearly excessive as to warrant the court in disturbing the verdict of the jury.

Petition for new trial denied, and case remitted to the Common Pleas Division at Newport with direction to enter judgment on the verdict.

*William P. Sheffield, Jr.*, for plaintiff.

*Charles Acton Ives*, for defendants.